ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH H. SCHOLER,<br><br>  Plaintiff,<br><br>v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>  Defendants. | CASE NO. 2:19-cv-01568-KJD-BNW<br><br>**JOINT MOTION TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES**<br><br>(FIRST REQUEST) |

Plaintiff Joseph H. Scholer ("Plaintiff"), Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard"), pursuant to Fed. R. Civ. P. 26(c) and (d), respectfully request that this Court temporarily stay discovery until November 30, 2019 while the Parties pursue settlement discussions. In support thereof, the Parties state as follows:

1. This case was part of a Multi-District Litigation proceeding called In re: Bard IVC Filter Litigation, pending before Senior Judge David Campbell of the District of Arizona.

2. After four years, the completion of general issue discovery, and conducting three bellwether trials, Judge Campbell has ordered that cases, which have not settled or are not close to settling, be transferred to the appropriate jurisdictions around the country for case-specific discovery and trial. As a part of that process, he established a "track" system, wherein

certain cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

3. Plaintiff's counsel recently notified Defense counsel that this case was placed on an incorrect "track" and thus inadvertently remanded and transferred, even though settlement discussions are ongoing.

4. A district court has broad discretion over pretrial discovery rulings. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985) ("[t]he district court is given broad discretion in supervising the pretrial phase of litigation"); *Johnston v. Gedney*, 2019 U.S. Dist. LEXIS 127392, at *7 (D. Nev. July 30, 2019) (same); *RH Kids, LLC v. Lehman*, 2018 U.S. Dist. LEXIS 17811, at *3 (D. Nev. Jan. 3, 2018) (granting a stay of the proceedings) ("[f]ederal district courts have 'wide discretion in controlling discovery'") (quoting, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)); *Evanston Ins. Co. v. W. Cmty. Ins. Co.*, 2014 U.S. Dist. LEXIS 136129, at *5 (D. Nev. Sept. 25, 2014) ("[t]he Court has inherent power to control its docket, including the discretion to stay proceedings") (citing, *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).

5. Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope of discovery or control its sequence. *Britton*, 523 U.S. at 598. Although settlement negotiations do not automatically excuse a party from its discovery obligations, the parties can seek a stay of discovery prior to a deadline. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (discussing the court's discretion in exercising a stay); *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) ("[w]hether to grant a stay is within the discretion of the court") (citing, *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)).

6. Thus, the Parties jointly move this Court for an order staying discovery until November 30, 2019 to allow the parties to continue to engage in settlement discussions. This will further facilitate settlement discussions and prevent unnecessary expenditures of the parties and judicial resources.

7. The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion, yet allow sufficient time to schedule and complete discovery if necessary, consistent with the scheduling obligations of counsel. The relief sought in this Motion is not purely for delay, but so that justice may be done.

WHEREFORE, the Parties jointly request that discovery and all pre-trial deadlines be stayed until November 30, 2019 to allow the parties to conduct ongoing settlement negotiations.

DATED this 18TH day of September, 2019.

| DUDLEY LAW FIRM LLC | GREENBERG TRAURIG, LLP |
|---|---|
| By: /s/ Elizabeth Dudley<br>Elizabeth Dudley, Esq.<br>Kansas Bar No. 21582<br>23438 SW Pilot Point Road<br>Douglass, Kansas 67039<br>Telephone: (316) 746-3969<br>Facsimile: (316)746-3922<br>liz@lizdudleylaw.com<br><br>*Counsel for Plaintiff* | By: /s/ Eric W. Swanis<br>ERIC W. SWANIS, ESQ.<br>Nevada Bar No. 6840<br>10845 Griffith Peak Drive<br>Suite 600<br>Las Vegas, Nevada 89135<br>Telephone: (702) 792,3773<br>Facsimile: (702) 792-9002<br><br>*Counsel for Defendants, C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that on **September 18, 2019**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Elizabeth Dudley, Esq.
Kansas Bar No. 21582
DUDLEY LAW FIRM LLC
23438 SW Pilot Point Road
Douglass, Kansas  67039
Telephone: (316) 746-3969
Facsimile:  (316)746-3922
liz@lizdudleylaw.com
*Counsel for Plaintiff*

                    */s/  Evelyn Escobar-Gaddi*
An employee of GREENBERG TRAURIG, LLP

**Based on the parties' stipulation, IT IS ORDERED that discovery is stayed until 11/30/2019 pending the parties' settlement discussions.  IT IS FURTHER ORDERED that the parties must file a joint status report by 12/13/2019.**

Dated: 9/23/19  _____
**Brenda Weksler**
**United States Magistrate Judge**