**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
DON SPRINGMEYER, ESQ.
Nevada Bar No.: 1021
BRADLEY S. SCHRAGER, ESQ.
Nevada Bar No.: 10217
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH H. SCHOLER, | Case No. 2:19-cv-01568-KJD-BNW |
| Plaintiff, | ORDER GRANTING |
| vs. | **MOTION TO EXTEND THE DEADLINE FOR PRO HAC VICE APPLICATION FOR ELIZABETH DUDLEY** |
| C R BARD INCORPORATED, et al., | **(First Request)** |
| Defendants. | |

Plaintiff Joseph H. Scholer respectfully requests that the Court extend the deadline for the Pro Hac Vice ["PHV"] application for his lead counsel Elizabeth Dudley due to special circumstances. In support thereof, Plaintiff shows the following:

1. Out of state Plaintiff's counsel, Elizabeth Dudley, has represented Joseph H. Scholer in his products liability, personal injury case involving his defective IVC filter since February 2016. *See* attached Declaration of Elizabeth Dudley.

2. This case was directly filed as part of a Multi-District Litigation proceeding designated *In re: Bard IVC Filter Litigation*, pending before Senior Judge David Campbell of the District of Arizona.

3. After four years, the completion of general issue discovery, and the completion of three bellwether trials, Judge Campbell has ordered that cases which have not settled or are not close to settling, be transferred to the appropriate jurisdictions around the country for case-specific discovery and trial. As a part of that process, Judge Campbell established a "track" system,

whereby certain groups of cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

4. Plaintiff's out of state counsel, Elizabeth Dudley has been involved in settlement negotiations since June and which are currently ongoing. The parties have agreed to a deadline of November 30th for settlement negotiations in this case to be concluded.

5. It appears that Defendant Bard's national trial counsel, who was in charge of the MDL discovery and trial process, then involved a different law firm than their settlement counsel. Apparently, due to a miscommunication, this Plaintiff's case was put onto the "remand" list or track, rather than the "Settlement Negotiations" list or track, along with over 800 other cases, and was erroneously remanded to this Court, even though intense settlement negotiations are underway.

6. The parties immediately and jointly moved this Court for an order staying discovery and pretrial deadlines until November 30, 2019, to allow the parties to continue to engage in settlement discussions. ECF Doc. 9, filed 9.23.2019.

7. The parties agreed that this relief sought was and is necessary to handle the case in the most economical fashion, yet allow sufficient time to schedule and complete discovery if necessary, consistent with the scheduling obligations of counsel. The relief sought in that Motion was not at all for delay, but so that justice may be done.

8. This Court ordered a Stay of Discovery on September 23, 2019. ECF Doc. 9.

9. Plaintiff's out of state counsel obtained local Nevada counsel, Don Springmeyer, Esq., Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, who entered his appearance on September 30, 2019 (ECF Doc. 12) and agreed to sponsor Elizabeth Dudley's *pro hac vice* application.

10. Plaintiff's counsel then discovered that Mr. Scholer died of a peripheral vascular obstruction, possibly due to his IVC filter and therefore is not available to sign the PHV application for his counsel, Elizabeth Dudley.

11. Counsel Dudley also represents the heirs of Mr. Scholer who wish to substitute in as parties and also make a claim for wrongful death if the case does not settle.

1. 12. The injured party's death raises procedural, pleading, and estate/probate issues which will need to be resolved in order for the litigation to proceed, *e.g.,* setting up a probate estate and appointing a personal representative which will all have a different aim if the case settles in the next 5 weeks.

13. Because there is a stay on discovery until November 30th, 2019, Plaintiff requests that the PHV submission deadline be extended to that same date to save unnecessary time and expense on behalf of the Court and parties; this will also give counsel appropriate time to obtain to file amendments for the case and obtain different correct party signatures for the PHV application.

**WHEREFORE**, the Plaintiff requests that the deadline for submitting the PHV application for Elizabeth Dudley be extended through and including November 30, 2019, due to special circumstances including the death of the Plaintiff, and the ongoing good faith negotiations to settle and resolve the case entirely.

DATED this 24th day of October, 2019

The motion is hereby GRANTED.

IT IS SO ORDERED:

_____
United States District Judge

Date: 11/15/2019

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

By: _____*/s/ Don Springmeyer*_____
DON SPRINGMEYER, ESQ.
Nevada Bar No. 1021
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300

DUDLEY LAW FIRM LLC
Elizabeth Dudley (*Pro Hac Vice to be submitted*)
(KS Bar No. 21582)
23438 SW Pilot Point Rd.
Douglass, KS 67039
316-746-3969
Fax: 316-746-3922
liz@lizdudleylaw.com

*Attorneys for Plaintiff*